# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# CASE NO.

SEAN DAYTON,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Sean Dayton ("Plaintiff") file this Complaint against Defendant, American Bankers Insurance Company of Florida ("Bankers" or "Defendant") and alleges as follows:

## INTRODUCTION

1. This is an action for breach of contract arising from Defendant's failure to fully indemnify Plaintiff for losses covered by the contract of flood insurance issued by Defendant to Plaintiff.

## JURISDICTION AND VENUE

2. This is an action for breach of an insurance contract issued pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. §4001. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

§4072.

3. Venue is proper in the Middle District of Florida because the property insured by the flood insurance contract at issue is situated in Pinellas County.

## PARTIES

4. Plaintiff Sean Dayton is over the age of majority, a resident and citizen of the State of Florida, and a resident of Pinellas County, Florida.

5. Defendant is a corporation licensed to and conducting business in the State of Florida, including but not limited to Pinellas County, with its principal place of business located in Florida.

## GENERAL ALLEGATIONS

6. Plaintiff and Defendant entered into an insurance contract, bearing Policy Number 7405927266 that was in full force and effect at the time of the subject date of loss (the "Policy").[1]

7. At all times material hereto, the Policy provided coverage for property damage for the property owned by the named insured, the Plaintiff, and listed in the Policy's Property Coverage Schedule as 17550 2nd St E., Redington, FL 33708 (the "Property").

---

[1] A copy of the Policy has been requested from the Defendant, but has not been received to date.

8. At all times material hereto, Bankers was an insurance company authorized to issue insurance policies to property owners throughout the State of Florida, including Pinellas County, Florida.

9. The Property sustained damage as a result of a significant flood on or about September 26, 2024.

10. Plaintiff promptly and timely provided notice of the loss to Bankers, to which Bankers assigned Claim No.: 7405927266 (the "Claim").

11. Plaintiff presented Bankers with all information necessary to adjust and pay the Claim.

12. Plaintiff allowed Bankers to inspect the Property.

13. Bankers inspected Plaintiff's Property.

14. Bankers failed to fully indemnify Plaintiff for the Claim as required by the terms and conditions of the Policy.

15. The damage to Plaintiff's Property was caused by flood damage, which is covered under the terms and conditions of the Policy. The losses include extensive damage to Plaintiff's dwelling and its contents.

16. Defendant failed to fully indemnify Plaintiff for the Claim as required by the terms and conditions of the Policy.

17. All conditions precedent to bringing this action and to recover under

the Policy have been performed by the Plaintiff or have otherwise been waived by Defendant.

## COUNT I - BREACH OF CONTRACT

19. Plaintiff repeat the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

20. Plaintiff and Defendant are parties to a contract.

21. Defendant breached the contract by failing to fully indemnify Plaintiff for their losses under the Policy.

22. As a direct and proximate cause of the Defendant's breach of contract, Plaintiff have suffered damages.

**WHEREFORE,** Plaintiff demand judgment for damages, including but not limited to property damages, and costs and interests allowed by law.

## COUNT II – DECLARATORY JUDGMENT
## (AS TO INDEMNIFICATION)

23. Plaintiff repeat the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

24. Plaintiff seek a declaration that Defendant had a duty to provide coverage and indemnification to Plaintiff under the Policy.

25. There is a bona fide, actual, and present practical need for declaration as to the above-quoted provision of the Policy.

26. The declaration concerns a present, ascertained and ascertainable state of facts.

27. An immunity, power, privilege or right of Plaintiff are dependent upon the facts or the law applicable to the facts.

28. Plaintiff and Defendant have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

29. The antagonistic and adverse interest(s) are all before the court by proper process or class representation.

30. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

**WHEREFORE,** Plaintiff seek a declaration that Defendant was obligated under the Policy to provide coverage and indemnification to Plaintiff.

### REQUEST FOR JURY TRIAL

Plaintiff hereby request a trial by jury of all issues so triable as a matter of right.

Dated: September 2, 2025

        Respectfully Submitted,

        **WITES & ROGERS, P.A.**
        Attorneys for Plaintiffs
        4400 North Federal Highway
        Lighthouse Point, FL 33064
        Telephone: 954-993-4400
        Facsimile:  954-206-0076

        By: */s/ Tyler E. Raiford*
            Marc A. Wites
            Florida Bar No.: 24783
            mwites@witeslaw.com
            Tyler E. Raiford
            Florida Bar No. 112701
            traiford@witeslaw.com